

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XX~~XXXXXXXXXXX~~XX
**ATTORNEY GENERAL**

Honorable Melvin Combs
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-3426
Re: (a) Use of local maintenance funds
to purchase materials for school
gymnasium;
(b) Authority of common school
district to pledge maintenance
funds.

This is in response to your letter of April 16, 1941, reading as follows:

"The Board of Trustees of Common School District No. 11, at
Sabine Pass, Texas, wants to build a new school gymnasium at
Sabine Pass. They intend to raze an old school building
and salvage some of the material to use in the new
gymnasium, and expect to receive a Federal grant to take care
of the labor on this building.

"Will you please advise our office on the following questions:

"1. Whether or not the Board of Trustees of Common School
District No. 11, at Sabine Pass can purchase materials for
this new building out of their regular maintenance funds?

"2. Can they borrow money to buy these materials and pledge
their maintenance funds for the payment thereof?

"3. If they can borrow money, then for how many years can
they pledge maintenance funds for the payment of the loan?

Replying to your first question, Article 2827, Vernon's Annotated Civil
Statutes, provides, in part:

"The public free school funds shall not be expended except for
the following purposes:

"2. Local school funds from district taxes, tuition fees of
pupils not entitled to free tuition and other local sources
may be used for the purposes enumerated for State and county
funds and for purchasing appliances and supplies, for the
payment of insurance premiums janitors and other employes,

for h. ing school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees, * * *"

Interpretating this provision it is said (37 Tex. Jur. 970):

"Trustees are authorized to expend funds derived from local sources, and the surplus from the state and county available school funds, for any and all the purposes enumerated by law, and for such other purposes as, in the discretion of the board, may be reasonably necessary in the maintenance of the schools. The powers granted are sufficiently broad to authorize the appropriation of surplus funds to the construction of living quarters for teachers. The powers of the trustees are also sufficiently broad to authorize the expenditure of local funds for the establishment of a health department and its maintenance as a part of the school system, and for the employment of an attorney to represent the trustees in legal proceedings respecting school affairs.

"The board is authorized to use public funds to pay premiums upon insurance policies issued to cover every school building in the State, the title to which is vested either in the State, county or district."

Answering your first question, it is our opinion and you are advised that available local maintenance funds may be used to purchase materials for the school gymnasium of Common School District No. 11 at Sabine Pass, Texas.

We pass to your second and third questions.

Article 2749, Vernon's Annotated Civil Statutes, contains the following language:

"* * * provided, that the trustees, in making contracts with teachers, shall not create a deficiency debt against the district."

In opinions No. 0-1387 and 0-2231, we were considering the identical problems presented in your second and third questions. While these opinions dealt with independent school districts the opinions were based upon Collier v. Peacock (Supreme Court 1900) 54 S. W. 1027 and Templeman Common School District v. R. V. Head Co. ( T. C. A. 1937) 101 S. W. (2d) 352, both dealing with the powers of trustees of common school districts.

We are enclosing, herewith, copies of our opinions, Nos. 0-1387 and 0-2231. For the reasons there given and under the authorities there cited, it is our opinion and you are advised, that Common School District No. 11 at

Sabine Pass, Texas, may borrow money for the purpose of purchasing materials for its school gymnasium but that said common school district may not create a deficiency debt against local maintenance funds for future years - revenues from future years may not be pledged. Only contemplated revenues for the year of the obligation may be pledged.

                                    Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                            s/  James D. Smullen


                            By   James D. Smullen
                                      Assistant

JDS:ej/ ldw
Encls.

APPROVED AUG. 18, 1941
s/ Robert E. Kepke
ACTING
ATTORNEY GENERAL OF TEXAS

APPROVED AUG. 18, 1941
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY C. B. C
CHAIRMAN